THOMAS REED, ET AL. *v.* THOMAS REED, JR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—521.]

**Proof of Existence of Partnership.**

For evidence held sufficient to establish the existence of a partnership between father and sons, see Opinion.

**Partnership as to Third Parties.**

As to third parties proof sufficient to make those associated together as partners liable, would not in every case be sufficient as between themselves to prove that they were partners.

APPEAL FROM KENTON CHANCERY COURT.

January 15, 1885.

OPINION BY JUDGE PRYOR:

It is conceded by counsel for the appellant that as to third parties the proof would make the appellees liable as partners while as between each other no partnership ever existed.

There are so many circumstances conducing to establish the rights of appellants as partners that render it almost certain that such was the understanding and agreement between them. That there were no definite terms as to the interest of each in the partnership or as to its duration, is not sufficient to overcome the testimony asserting appellee's claim. The appellees had been in the service of their father for many years at a low salary per month or week, and had no doubt become experts in the business. The business name of the concern until 1870 was that of Thomas Reed, Sr., but in the year 1871 the name of the firm was changed to that of Thomas Reed & Sons.

The father had accumulated a considerable estate by reason of the combined energy and industry of himself and his two boys. The business was in a prosperous condition and there was every incentive for the father to invite his sons to become partners with him that they might enjoy to a greater extent the profits of a business

that they had contributed to build up, or at least to sustain. After 1871 all the business connected with that of undertaker and as dealer in furniture was transacted in the name of Thomas Reed & Sons. Suits were instituted in the name of the firm by the father, and the names of his sons inserted as partners. Accounts were made out and receipts executed in the name of Thomas Reed & Sons not only for a short time but for many years from 1871 up to the trouble originating between them, a short time before this action was instituted in the year 1881. There was never any account of stock taken or balance sheet made out showing the condition of the firm and the reason doubtless was, that the sons were expecting to realize and enjoy the whole of it at the death of the father with the design on his part to give it to them, and this in fact is the reason the father assigns for placing the name of Thomas Reed & Sons over the door of the business house, so that at his death they would have a better standing with the public. Still it was a business conducted and sustained by the united industry of the three, and that the sons had the right to share in the profits after paying to the father interest upon his capital invested admits of but little doubt.

The same books were kept for the firm after 1871 as before except that prior to that time the two sons were credited with their monthly or weekly labor at a stipulated price, and charged with the sums drawn out, but after that time no credits for labor were entered and the sons only charged with what money each had taken from the firm business.

This of itself connected with the sign over the door, shows a change in the firm, and that these two boys from that date were regarded as partners. Nor were they mere boys, but men somewhat advanced in years, and therefore the greater reason for promoting them from common laborers in the establishment to that of business partners.

If the father is allowed rents and interest and then a division of the profits between the three, it will be executing the understanding between these parties. It will not do to adjudge that after the business had been conducted in the firm name and on the firm account for eight or ten years the father regarded his sons as only working by the month or the year when there is not a single circumstance conducing to sustain such a conclusion. Besides the father told many outsiders that the partnership existed and his tes-

timony and that of Dr. Hunt is all there is to be found in this case refuting the testimony that places the existence of the partnership beyond controversy.

The only question presented by this record is as to the existence of the partnership and while the finality of such a judgment so as to authorize an appeal may be questioned both parties have insisted upon a hearing and it is perhaps better to determine that question in advance that subsequent proceedings may conform to it.

Judgment below *affirmed.*

*M. J. Dudley, for appellants.*

*W .Lindsay, Tisdale & Theissen, for appellees.*